**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re PATRICIA M. KLUGE and WILLIAM J. MOSES,  Debtors. | ) Case No. 11-61517-LYN ) ) ) ) |

**MEMORANDUM and ORDER**

This matter comes before the court on an objection by the Chapter 7 trustee to a claim of exemption by Patricia M. Kluge and William J. Moses ("the Debtors") for "Wages due but not received" under Va. Code § 34-29.

*Jurisdiction*

This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c).

*Facts*

On June 15, 2011, the Debtors filed a Chapter 7 petition initiating the above-styled bankruptcy case. Ms. Kluge scheduled "Wages due but not received" in the amount of $2,339.00. Mr. Moses scheduled "Wages due but not received" in the amount of $10,923.00. (Both assets are referred to herein as "the Wages.") The Debtors had received none of the Wages as of the date of petition.

1

This court has not issued an order directing any third party to withhold any of the Wages owed to the Debtors.

The Debtors claim 75% of the Wages exempt under Va. Code § 34-29. The Chapter 7 trustee objects to that claim of exemption. The Debtors oppose the objection.

*Discussion*

The issue is whether the Debtors may exempt 75% of the Wages under Va. Code § 34-29.[1] Section 34-29 provides in relevant part that "the maximum part of the aggregate disposable

---

[1]  Va. Code § 34-29 provides in full:

(a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:
(1) Twenty-five percent of his disposable earnings for that week, or
(2) The amount by which his disposable earnings for that week exceed 40 times the federal minimum hourly wage prescribed by § 206 (a) (1) of Title 29 of the United States Code in effect at the time earnings are payable.
In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.
(b) The restrictions of subsection (a) do not apply in the case of:
(1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.
(2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.
(3) Any debt due for any state or federal tax.
(b1) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:
(1) Sixty percent of such individual's disposable earnings for that week; or
(2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, 50 percent of such individual's disposable earnings for that week.
The 50 percent specified in subdivision (b1) (2) shall be 55 percent and the 60 percent specified in subdivision (b1) (1) shall be 65 percent if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period which is more than 12 weeks prior to the beginning of such workweek.
(c) No court of the Commonwealth and no state agency or officer may make, execute, or enforce any order or process in violation of this section.
The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.
(d) For the purposes of this section:
(1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise,

earnings of an individual for any workweek which is subjected to garnishment may not exceed . . . (1) [t]wenty-five percent of his disposable earnings for that week . . . ."

Section 34-29 only applies to garnishments. See Frazier v. Com., 3 Va. App. 84, 348 S.E.2d 405 (Va. App. 1986). In Frazier, the District Court ordered the ex-husband to pay attorney fees incurred by his ex-wife in enforcing a child support order. The ex-husband argued that Section 34-29 limited the percentage of his income that the court could compel him to pay to his ex-wife. The Court rejected the argument and wrote "Code § 34-29 applies to garnishments and nothing more, and is not applicable to this cause." Frazier, 3 Va. App. at 87.

The Debtors assert that Frazier is not applicable because it does not concern a bankruptcy case. The argument is without merit because the proposition for which the opinion is cited, to wit, that Section 34-29 only applies to garnishments, is based on a reading of a Virginia statute which statute is the subject of the Chapter 7 trustee's objection to claim of exemption. In other words, Section 34-29 only applies to garnishment, regardless of whether it arises in a case under Chapter 7 in a bankruptcy court, or arises in a divorce or a collection proceeding in a state court.

The Wages do not constitute "earnings . . . which [are] subjected to garnishment." A garnishment, in general, is "[a] judicial proceeding in which a creditor (or potential creditor)

---

whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program,
   (2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and
   (3) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.
   (e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.
   (f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.
   (g) A depository wherein earnings have been deposited on behalf of and traceable to an individual shall not be required to determine the portion of such earnings which are subject to garnishment.

asks the court to order a third party who is indebted to or is bailee for the debtor to turn over to the creditor any of the debtor's property (such as wages or bank accounts) held by that third party." Black's Law Dictionary (9th ed. 2009). For purposes of Section 34-29 the term "garnishment" means "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." Va. Code § 34-29(d)((3). In order for Section 34-29 to apply in the instant case, the Wages must be subject to a legal or equitable procedure through which they, or some portion thereof, are required by law to be withheld for payment of a debt. The Wages are not subject to any such legal or equitable procedure; they are not subject to garnishment.

The Debtors argue that Section 34-29 applies because this Chapter 7 bankruptcy case constitutes a "a legal or equitable procedure". The problem with the argument is that it does not take into account the fact that the phrase "legal or equitable procedure" is modified by the phrase "through which [the earnings] . . . *are required* by law *to be withheld* for payment of a debt." (Emphasis added.) There is no order or process in this bankruptcy case that requires the employer of the Debtors to withhold the Wages. The Wages have not been subjected to garnishment. In the absence of an order directing the Debtors' employers(s) to withhold a portion of the Wages, there can be no procedure that falls within the ambit of Section 34-29. Consequently, this bankruptcy case is not a procedure that falls under Section 34-29.[2]

The Debtors cite In re Musgrove, 7 B.R. 892 (Bankr. W.D. 1981) in support of his

---

[2] Further, the Virginia Code specifically excepts the application of Section 34-29 in those bankruptcy cases in which an order could issue requiring a third party to withhold monies from a debtor's earnings. Section 34-29(b)(2) provides that Section 34-29 does not apply to any order in a Chapter XII bankruptcy case under the Bankruptcy Act. This has been interpreted by a leading treatise on Virginia law to mean that Section 34-29 does not apply to an order of a bankruptcy court under any wage-earner plan. See M.J. Exemptions from Execution and Attachment, § 22 (2008).

4

argument that they may use Section 34-29 to exempt 75% of the Wages. In <u>Musgrove</u>, the Debtor filed his petition on April 29, 1980. The Chapter 7 trustee held a payroll check of the Debtor that was dated April 28, 1980. The Debtor asserted that he could exempt 75% of the check under Section 34-29. The Court's discussion consisted of a single conclusory sentence: "This is the authorized exemption to which the debtor is entitled." There is no discussion in <u>Musgrove</u> concerning whether a garnishment existed. The lack of any analysis concerning garnishment is sufficient reason for this court to decline to follow <u>Musgrove</u>.

All of the foregoing may be fashioned in the form of the following syllogism.

> **Major Premise**: Section 34-29 only applies to judicial procedures through which an order issues directing a third party (not the debtor or creditor) to withhold earnings (wages) of the debtor from the debtor.
>
> **Minor Premise**: No order has issued pursuant to a judicial procedure ordering a third party to withhold payment of the Wages to the Debtors.
>
> **Conclusion:** Section 34-29 does not apply to the Wages.

The objection to the claim of exemption will be sustained.

*Conclusion*

Section 34-29 of the Virginia Code only applies to earnings that are subject to garnishment. The Wages are not earnings subject to garnishment. They are not the subject of a judicial or equitable proceeding. Because the Wages are not the subject of a garnishment, the Chapter 7 trustee's objection to the Debtor's claim of exemption under Section 34-29 will be sustained.

**ORDER**

The objection of the Chapter 7 trustee to the claim of exemption of the Debtors in "Wages earned but not paid" under Va. Code § 34-29 shall be, and hereby is, sustained.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Kermit A. Rosenberg, Esq., and the Chapter 7 trustee.

Entered on this  3rd  day of October, 2011.

_____
William E. Anderson
United States Bankruptcy Judge